CANADY, J.,
dissenting.
Based on the unambiguous allocation of risk under the provisions of the policy, I would conclude that indemnification payments received from a third party may not be applied to satisfy the self-insured retention. I thus would answer the first certified question in the negative. That negative answer to the first question renders the second certified question moot.
Paragraph 3 of the self-insured retention endorsement plainly states that the insurer has “no duty to defend or indemnify unless and until the amount of the ‘Retained Limit’ is exhausted by payment of settlements, judgments, or ‘Claims Expense’ by you” — that is, by the insured. Paragraph 6 of the endorsement plainly states that “the ‘Retained Limit’ will only be reduced by payments made by the insured.” No other provisions of the policy render these provisions ambiguous.
A payment made by a third party pursuant to an indemnification agreement is not a payment “made by the insured.” The insurance policy should not be rewritten to allow satisfaction of the self-insured retention limit in a manner other than the manner specifically provided for in the policy. I thus would reject the legal fiction adopted by the majority that a payment made by a third party pursuant to a contractual indemnity provision is a payment “made by the insured.” Imposing that legal fiction effectively reads the phrase “by you” out of paragraph 3. And it reads the entirety of paragraph 6 out of the endorsement. The majority’s unjustified interpretation of the endorsement gives the endorsement a meaning that is no different than if those provisions were absent from the policy.
I dissent.
POLSTON, C.J., concurs.